## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT COURT OF NEW YORK

GESHAUN HUTSON,

                  Plaintiff,

v.

CITY OF NEW YORK, P.O. GIOCARDO
BERNABE, SHIELD #25607, P.O. JAMIE
BRANTMEYER, SHIELD #19186, DET.
NICHOLAS REINA, SHIELD #06630, SGT.
LOUIS VENTURA, SHIELD #03292, and
JOHN/JANE DOE I - V,

                  Defendants.

**AMENDED COMPLAINT**

**Jury Trial Demanded**

Civ. No.:  15-CV-08797 (VEC) (KNF)

### PRELIMINARY STATEMENT

1.      This is a civil rights action brought by plaintiff to seek relief for the defendants'

violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the First,

Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America

(the "U.S. Constitution").  Plaintiff seeks compensatory and punitive damages, injunctive and

declaratory relief, and such other and further relief as this Court deems just and equitable.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and

(4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

3.      Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C.

§§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

4.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §

1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claim occurred

in this District, and because the City of New York is administratively located within in this District.

## JURY DEMAND

5.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on each and every one of his causes of action.

## PARTIES

6.    At all times relevant herein, Plaintiff **GESHAUN HUTSON** ("Plaintiff") was a citizen of the United States of America, and a resident of the State of New York, County of Kings.

7.    Defendant **CITY OF NEW YORK** (the "City") is a self-insured, municipal corporation, duly incorporated and authorized under the laws of the State of New York pursuant to § 431 of its Charter. The City is authorized to maintain a police department, the City of New York Police Department (the "NYPD"), which acts as its agent in the area of law enforcement, and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

8.    At all times relevant herein, the City and NYPD hired, employed, supervised, and controlled the individual defendants.

9.    Defendant **P.O. GIOCARDO BERNABE** ("P.O. Bernabe"), shield number #25607, is and/or was, at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He was duly appointed and acting as a police officer of the NYPD, and is sued in his individual and official capacities.

10.    Defendant **P.O. JAMIE BRANTMEYER** ("P.O. Brantmeyer"), shield number #19186, is and/or was, at all times relevant herein, an officer, employee, and agent of the NYPD,

2

a municipal agency of the City. She was duly appointed and acting as a police officer of the NYPD, and is sued in her individual and official capacities.

11.     Defendant **DET. NICHOLAS REINA** ("Det. Reina"), shield number 06630, is and/or was, at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He was duly appointed and acting as a detective of the NYPD, and is sued in his individual and official capacities.

12.     Defendant **SGT. LOUIS VENTURA** ("Sgt. Ventura"), shield number 03292, is and/or was, at all times relevant herein, an officer, employee, and agent of the NYPD, a municipal agency of the City. He was duly appointed and acting as a sergeant of the NYPD, and is sued in his individual and official capacities.

13.     Defendants **JOHN/JANE DOE I - V** ("Does," and together with P.O. Bernabe, P.O. Brantmeyer, Det. Reina, and Sgt. Ventura, referred to as the "Defendant Officers," and together with the City, referred to as the "Defendants") are and/or were, at all times relevant herein, officers, employees, and agents of the NYPD, a municipal agency of the City. They are duly appointed and acting as police officers of the NYPD, and are sued in their individual and official capacities.

14.     The Defendant Officers were, at all times relevant herein, on duty with the NYPD on or about February 7, 2014.

15.     The Defendant Officers were, at all times relevant herein, acting under the color of state law in the course and scope of their duties and functions as agents, employees and/or officers of the City and/or the NYPD while engaging in the conduct described herein. At all times relevant herein, the Defendant Officers have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City

3

and/or the NYPD and incident to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.

## STATEMENT OF FACTS

16.     Plaintiff Geshaun Hutson is an African-American male and resident of the State of New York, County of Kings.

17.     On or about February 7, 2014, at approximately 2:30 P.M., the vehicle Plaintiff was a passenger in was unexpectedly stopped by the Defendant Officers in the vicinity of Broadway and Barclay Street, County of New York.

18.     The Defendant Officers approached the vehicle, identified themselves as police officers, and instructed them not to move.

19.     Unlike the other two passengers, whom fled the scene of this unlawful stop on foot, Plaintiff obeyed this order. At this point, Sgt. Ventura and another one of the Defendant Officers were not part of this unlawful stop, as they were pursuing on foot the other two passengers who disobeyed their order to remain in the vehicle.

20.     The remaining Defendant Officers immediately began to search Plaintiff's person and the vehicle, believing that Plaintiff was secreting a weapon, which he was not.

21.     During the search of the vehicle, which did not belong to Plaintiff, the Defendant Officers remaining at the scene of this unlawful stop found a "booster bag," which is commonly known burglar's tool, and various items from Bed, Bath & Beyond in the vehicle.

22.     Plaintiff was adamant that neither the "booster bag" nor the items from Bed, Bath & Beyond belonged to him, and that he had no knowledge as to whom it belonged to, or the manner in which the various items from Bed, Bath & Beyond were purchased.

4

23.     Despite his repeated claims of innocence and lack of knowledge, the remaining Defendant Officers informed Plaintiff that he was under arrest.

24.     At all times during the encounter with the Defendant Officers, Plaintiff acted in a lawful manner, and did not resist his illegal arrest in any manner.

25.     Plaintiff was subsequently charged with being in possession of stolen property and a burglar's tool.

26.     Plaintiff was criminally processed at the 1st Precinct and held in jail until his arraignment in New York Supreme Court, County of New York, approximately twenty-four (24) hours after his unlawful arrest.  Because Plaintiff could not make bail, he was detained and transferred to Riker's Island where he would spend approximately six (6) months defending himself from his wrongful arrest, incarceration, and prosecution.

27.     Despite the Plaintiff's claim of innocence and lack of knowledge as to the items found in the vehicle he was a passenger in, the Defendant Officers attributed the "booster bag" and various items from Bed, Bath & Beyond as belonging to Plaintiff.

28.     In order to 'make a case' against Plaintiff, thereby legitimizing their otherwise unlawful seizure and search of Plaintiff, the Defendant Officers, acting in concert, made several material misstatements of fact in official police reports, to the prosecutor assigned to Plaintiff's case, and to Judge Stolz at Plaintiff's *Mapp/Dunaway* hearing.

29.     Upon information and belief, the following material misstatements of fact were made by the identified Defendant Officers in order to cause Plaintiff to be indicted on two felony counts:

       a.     At the *Mapp/Dunaway* hearing, Sgt. Ventura stated that the "booster bag" was found on Plaintiff's person, despite the fact that he was not present at the time of Plaintiff's unlawful search;

       b.     In the State of New York's voluntary disclosure form, P.O. Bernabe noticed the intent to use as evidence in Plaintiff's criminal proceeding a statement allegedly made by Plaintiff that the "booster bag" belonged to him; and

       c.     Also in the State of New York's voluntary disclosure form, Det. Reina notice the intent to use as evidence in Plaintiff's criminal proceeding a statement allegedly made by Plaintiff that Plaintiff and the other two passengers were driving around shoplifting.

30.     Upon information and belief, these statements allegedly made by Plaintiff tainted the independent judgment of the prosecutor and grand jury that indicted Plaintiff, which led to his unlawful incarceration and prosecution for crimes he did not commit.

31.     All criminal complaints, allegations, and charges were sworn to under oath by the Defendant Officers as true, even though they knew them to false.

32.     Regardless of the Defendant Officers' motive, their misconduct proximately caused the deprivation of Plaintiff's constitutional right to: (a) be free from an unreasonable search and seizure; (b) be free from being arrested without probable cause; (c) be free from malicious prosecution; (d) be deprived of his liberty; and (e) due process.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION
**42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution
By Plaintiff Against Defendant Officers**

33.     Plaintiff repeats and realleges by reference paragraphs 1 through 32 as if fully set

forth herein.

34.     By their conduct, as described herein, and acting under color of state law to

deprive Plaintiff of his *right to be free from unreasonable searches and seizures* as required by

the Fourth and Fourteenth Amendments, the Defendant Officers are liable for violation of 42

U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under

the U.S. Constitution.

35.     Specifically, the Defendant Officers did not have reasonable suspicion, let alone

probable cause, to seize and search Plaintiff's person.

36.     As a direct and proximate result of the Defendant Officers' unlawful actions,

Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and

emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### AS AND FOR A SECOND CAUSE OF ACTION
**42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution
By Plaintiff Against Defendant Officers**

37.     Plaintiff repeats and realleges by reference paragraphs 1 through 36 as if fully set

forth herein.

38.     By their conduct, as described herein, and acting under color of state law to

deprive Plaintiff of his *right to be free from arrest without reasonable suspicion or probable*

*cause* as required by the Fourth and Fourteenth Amendments, the Defendant Officers are liable

for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the U.S. Constitution.

39.     Despite Plaintiff's claim of innocence and lack of knowledge as to the items found in the vehicle he was a passenger in, the Defendant Officers arrested Plaintiff for being in possession of items that were not on his person and did not belong to him. The Defendant Officers made no efforts to investigate the veracity of Plaintiff's claim of innocence, how the various items from Bed, Bath & Beyond came to be in the vehicle Plaintiff was a passenger in, or the identity and whereabouts of the other two passengers in the vehicle.

40.     As a direct and proximate result of the Defendant Officers' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR A THIRD CAUSE OF ACTION
### 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution By Plaintiff Against Defendant Officers

41.     Plaintiff repeats and realleges by reference paragraphs 1 through 40 as if fully set forth herein.

42.     By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his *right to be free from malicious prosecution* as required by the Fourth and Fourteenth Amendments, the Defendant Officers are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the U.S. Constitution.

43.     The unlawful actions of the Defendant Officers were done willfully, knowingly, with malice, and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution of Plaintiff constituted malicious prosecution in that the Defendant Officers, as

identified above, made several material misstatements of fact causing Plaintiff to be indicted, held unlawfully for approximately six months, and maliciously prosecuted.

44. As a direct and proximate result of the Defendant Officers' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## AS AND FOR A FOURTH CAUSE OF ACTION
### 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the U.S. Constitution By Plaintiff Against Defendant Officers

45. Plaintiff repeats and realleges by reference paragraphs 1 through 44 as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his *right to be free from any deprivation of liberty without due process* of law under the Fifth and Fourteenth Amendments, the Defendant Officers are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the U.S. Constitution.

47. As a direct and proximate cause of the misconduct of the Defendant Officers, as described above, Plaintiff was deprived of his liberty, both at the scene of the unlawful stop and seizure, and for a period of approximately six months while being wrongfully incarcerated.

48. As a direct and proximate result of the Defendant Officers' unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

9

## AS AND FOR A FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the U.S. Constitution
### By Plaintiff Against Defendant Officers

49.     Plaintiff repeats and realleges by reference paragraphs 1 through 48 as if fully set forth herein.

50.     The acts of the Defendant Officers, acting under color of state law, in arresting Plaintiff, verbally abusing Plaintiff, and in physically assaulting Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to Plaintiff in violation of his constitutional right of *due process* as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution. Through these actions, Defendant Officers are liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation, under color of state law, of rights secured under the U.S. Constitution.

51.     Upon information and belief, several of the Defendant Officers made material misstatements of fact in official police reports, to the prosecutor assigned to Plaintiff's case, to the grand jury that indicted Plaintiff, and to Judge Stolz at Plaintiff's *Mapp/Dunaway* hearing upon motion of Plaintiff's criminal counsel to suppress the evidence wrongfully attributed to Plaintiff. The misconduct of the Defendant Officers, as described above, tainted the independent judgment of the prosecutor and the grand jury that indicted Plaintiff, thereby violating Plaintiff's right to due process.

52.     As a consequence of the Defendant Officers' actions, Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by the Defendant Officers.

10

53.     As a direct and proximate result of the Defendant Officers' unlawful actions,

Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and

emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**AS AND FOR A SIXTH CAUSE OF ACTION**
***Monell* Claim**
**By Plaintiff Against the City and Defendant Officers**

54.     Plaintiff repeats and realleges by reference paragraphs 1 through 53 as if fully set

forth herein.

55.     At all times relevant herein, the City, acting through the NYPD, developed,

implemented, enforced, encouraged and sanctioned *de facto* policies, practices, and/or customs

exhibiting deliberate indifference to Plaintiff's constitutional rights, which caused the violation

of such rights.

56.     The constitutional abuses and violations by the City, through the actions of the

NYPD and the Defendant Officers, were and are directly and proximately caused by policies,

practices and/or customs developed, implemented, enforced, encouraged and sanctioned by the

City, including the failure: (a) to adequately supervise and train its officers and agents, including

the Defendant Officers, thereby failing to adequately discourage further constitutional violations

on the part of its police officers; (b) to properly and adequately monitor and discipline its

officers, including the Defendant Officers; and (c) to adequately and properly investigate citizen

complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City.

57.     The unlawful actions of the Defendants were done willfully, knowingly and with

the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth

and Fourteenth Amendments to the U.S. Constitution.

11

58.     Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, Plaintiff's constitutional rights have been violated, which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

59.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs, which have directly and proximately caused such constitutional abuses.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### *Respondeat Superior* Claim
### By Plaintiff Against the City

60.     Plaintiff repeats and realleges by reference paragraphs 1 through 59 as if fully set forth herein.

61.     The conduct of the Defendant Officers, as described herein, occurred while they were on duty, in and during the course and scope of their duties and functions as officers of the NYPD, and while they were acting as agents and employees of the City. As such, the City is liable to Plaintiff under the common law doctrine of *respondeat superior*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.     A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution, and Plaintiff's rights under the N.Y. Constitution, and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

12

b.   A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to Plaintiff all such records and expunge or delete all such information from their records;

c.   Award Plaintiff compensatory damages against the Defendants, including, but not limited to, any emotional distress, recompensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial or otherwise;

d.   Award Plaintiff punitive damages;

e.   Award attorneys' fees pursuant to 42 U.S.C. § 1988;

f.   Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

g.   Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: New York, NY
      June 10, 2016

Jaime Santana, Esq.
*Attorney for Plaintiff*
1200 Waters Place - Suite 105
Bronx, New York 10461
Tel: (718) 792-2000
Fax: (718) 792-2001