```
                                                              USDC SDNY
                                                              DOCUMENT
UNITED STATES DISTRICT COURT                                  ELECTRONICALLY FILED
SOUTHERN DISTRICT OF NEW YORK                                 DOC #:_____
-------------------------------------------------------------X DATE FILED:  2/23/17
GESHUAN HUTSON,                                :
                                               :
                    Plaintiff,                 :
                                               :             15-CV-8797 (VEC)
                                               :
          -against-                            :             MEMORANDUM
                                               :             OPINION & ORDER
NEW YORK CITY POLICE DEPARTMENT,               :
P.O. GIOCARDO BERNABE, P.O. JAMIE              :
BRANTMEYER, DETECTIVE NICHOLAS                 :
REINA, SG.T LOUIS VENTURA, and CITY OF         :
NEW YORK,                                      :
                                               :
                                               :
                    Defendants.                :
-------------------------------------------------------------X
```

VALERIE CAPRONI, United States District Judge:

Plaintiff Geshuan Hutson brings this action against the City of New York and Individual Defendants Police Officers Giocardo Bernabe and Jamie Brantmeyer, Detective Nicholas Reina, and Sergeant Louis Ventura (collectively, "Defendant Officers") pursuant to 42 U.S.C. § 1983 for violations of his Fourth, Fifth, and Fourteenth Amendment rights arising out of his arrest in 2014. Specifically, in his Amended Complaint, Plaintiff alleges that Defendants subjected him to an unlawful search and seizure, false arrest, and malicious prosecution, deprived him of his liberty without due process, and violated his right to due process by making material misstatements during Plaintiff's prosecution and by verbally and physically abusing him on the basis of race. In addition, Plaintiff asserts a *Monell* claim against the City for failure to train and discipline and a *respondeat superior* claim.

The City of New York moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons sets forth below, the City's motion to

dismiss is GRANTED. The Defendant Officers have not moved to dismiss the claims against them because they have not been served. The claims against the Defendant Officers are DISMISSED *sua sponte* without prejudice for the reasons provided below.

## BACKGROUND[1]

On February 7, 2014, at approximately 2:30 p.m. in the vicinity of Broadway and Barclay Street in Manhattan, the Defendant Officers stopped the vehicle in which Plaintiff, an African-American man, was a passenger. Am. Compl. ¶ 17 (Dkt. 16). The Defendant Officers instructed Plaintiff and the two other passengers in the car not to move. *Id.* ¶ 18. The two other passengers fled on foot, and Sergeant Ventura and another officer pursued them. *Id.* ¶ 19. Plaintiff remained in the car, and the remaining Defendant Officers searched Plaintiff and the vehicle in the belief that Plaintiff was hiding a weapon. *Id.* ¶¶ 19-20. Plaintiff alleges that the police did not have reasonable suspicion or probable cause to search him. *Id.* ¶ 35. While searching the car, the police found a "booster bag" (a commonly known burglar's tool) and merchandise from Bed, Bath & Beyond. *Id.* ¶ 21. The car did not belong to Plaintiff, and Plaintiff allegedly told the police that neither the booster bag nor the Bed, Bath & Beyond items belonged to him and that he did not know to whom they belonged. *Id.* ¶¶ 21-22. The Defendant Officers (other than Sergeant Ventura) arrested Plaintiff, and he was subsequently indicted for possession of stolen property and possession of a burglar's tool. *Id.* ¶¶ 23, 25, 29.

Because Plaintiff could not make bail, he was detained for six months at Rikers Island. *Id.* ¶ 26. Plaintiff alleges that the Defendant Officers, acting in concert and in order to procure Plaintiff's indictment, made several material misstatements in official police reports, to the

---

[1] The facts are taken from the Plaintiff's Amended Complaint. The Court assumes that all facts alleged in the Amended Complaint are true. S*ee Galper v. JP Morgan Chase Bank*, 802 F.3d 437, 443-44 (2d Cir. 2015).

prosecutor, and to the judge at Plaintiff's *Mapp/Dunaway* hearing and that those statements tainted the independent judgment of the prosecutor and the grand jury, resulting in his unlawful incarceration and prosecution. *Id.* ¶¶ 28-30, 43. Plaintiff alleges that the Defendant Officers made the following material misstatements: (1) at the *Mapp/Dunaway* hearing, Sergeant Ventura stated that the booster bag was found on Plaintiff's person; (2) on New York's voluntary disclosure form, Police Officer Bernabe stated that Plaintiff admitted that the booster bag belonged to him; and (3) on New York's voluntary disclosure form, Detective Reina stated that Plaintiff said that he and the two passengers who fled were driving around shoplifting. *Id.* ¶ 29.

Plaintiff's Amended Complaint does not include any allegations regarding the resolution of his prosecution. The Plaintiff's original Complaint alleged that Justice Robert Stolz of the New York Supreme Court had suppressed the evidence, holding that the police did not have reasonable suspicion to stop Plaintiff. Compl. ¶ 7 (Dkt. 4); Loperfido Decl. Ex. D, at 4 (Dkt. 20-4).[2] According to Plaintiff's original Complaint, all charges against Plaintiff were dismissed after Justice Stolz suppressed the evidence. Compl. ¶ 7.

## DISCUSSION

### I. Plaintiff's Claims Against the Defendant Officers Are Dismissed

Pursuant to Federal Rule of Civil Procedure 4(m), the City urges the Court to dismiss Plaintiff's claims against the Defendant Officers because Plaintiff has failed to serve them. Def. Mem. 1 n.1 (Dkt. 21). There is no indication in the record that Plaintiff has ever attempted to serve the Defendant Officers. The City explicitly pointed out in its motion to dismiss that the Defendant Officers had not been served and argued for dismissal on that basis; Plaintiff failed to

---

[2] Because "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including arrest reports, criminal complaints, indictments, and criminal disposition data," *Harris v. Howard*, No. 08 CIV. 4837 (CM), 2009 WL 3682537, at *2 (S.D.N.Y. Oct. 30, 2009) (internal quotations and citation omitted), the Court considers the suppression order itself.

address the issue in his opposition brief, and there is no indication that he then attempted to serve the Defendant Officers.

Given Plaintiff's failure to address this issue, on February 10, 2017, the Court ordered Plaintiff to show cause no later than February 22, 2017 why the Defendant Officers should not be dismissed for failure to serve. Dkt. 29. Plaintiff did not respond to the Court's order. District courts have discretion, even absent good cause, to extend the period for service, *Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007), but because Plaintiff has provided no excuse for his failure to serve, the Court declines to exercise its discretion to extend the service deadline. Accordingly, pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff's claims against the Defendant Officers are dismissed without prejudice for failure to serve. *See Candelario v. City of N.Y.*, No. 12 CIV. 1206 (LAP), 2013 WL 1339102, at *11 (S.D.N.Y. Apr. 3, 2013) (dismissing claims against the individual defendants in a Section 1983 case for failure to serve pursuant to Rule 4(m)), *aff'd*, 539 F. App'x 17 (2d Cir. 2013).

## II.     Plaintiff's Claims Against the City Are Dismissed

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief." *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Federal Rule of Civil Procedure 8(a)(2) requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Although for the

purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]o survive a motion under Rule 12(b)(6), a complaint does not need to contain detailed or elaborate factual allegations, but only allegations sufficient to raise an entitlement to relief above the speculative level." *Keiler v. Harlequin Enters., Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014) (citation omitted). Plaintiff's allegations must nudge his claims "'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

### B. Municipal Entities Are Not Liable for Individual Violations Pursuant to *Respondeat Superior*

Plaintiff alleges that the City is liable for the Defendant Officers' alleged Section 1983 violations pursuant to the common law doctrine of *respondeat superior*. Am. Compl. ¶ 61. *Respondeat superior*, pursuant to which an employer is vicariously liable for the acts of its employees, does not apply to Section 1983 claims against entities such as the City of New York. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Accordingly, the City may not be held liable for the alleged unreasonable search and seizure, false arrest, malicious prosecution, or due process violations, all of which Plaintiff has raised under Section 1983. *See, e.g.*, *Santos v. N.Y. City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012) (dismissing false arrest claim brought against the City on a vicarious liability theory). Plaintiff's *respondeat superior* claim against the City is, therefore, dismissed.

### C. Plaintiff Has Not Stated a *Monell* Claim

Plaintiff also alleges a *Monell* claim against the City. Municipalities are liable for their own unconstitutional acts under Section 1983. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694-95 (1978). Because municipal liability is limited to actions of the entity—not

the acts of individual officers—plaintiffs are required to allege an unconstitutional policy or custom and to allege some causal connection between the challenged policy or custom and the denial of the plaintiff's constitutional rights. *Garcia v. City of N.Y.*, No. 12-CV-4655 MKB, 2013 WL 153756, at *3 (E.D.N.Y. Jan. 14, 2013) (citations omitted). A *Monell* claim may be based on (1) a formal policy; (2) acts taken by a policy-maker that are directly linked to the relevant deprivation; (3) a practice that is "so consistent and widespread" that it amounts to a custom of which supervisors "must have been aware"; or (4) a failure to train or supervise that is so glaring that it amounts to "deliberate indifference" to the rights of individuals. *Masciotta v. Clarkstown Cent. Sch. Dist.*, 136 F. Supp. 3d 527, 545 (S.D.N.Y. 2015) (quoting *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Plaintiff made no attempt to preserve his *Monell* claim in opposing the City's motion to dismiss—nowhere in his opposition brief does he respond to the City's arguments to dismiss the *Monell* claim nor does he even mention the *Monell* claim. On that basis, the Court finds that Plaintiff has abandoned his *Monell* claim. *See Sullivan v. City of N.Y.*, No. 14-CV-1334 (JMF), 2015 WL 5025296, at *4 (S.D.N.Y. Aug. 25, 2015) (in a Section 1983 case, denying plaintiff's motion to reconsider dismissal of claims against some defendants on the basis that plaintiff abandoned those claims because he did not respond to defendants' motion to dismiss); *Brandon*, 705 F. Supp. 2d at 268 (in a Section 1983 case, dismissing some of plaintiff's claims as abandoned on the basis that he did not raise any arguments opposing defendants' motion to dismiss those claims).

Even if Plaintiff had not abandoned the claim, he has failed to allege it adequately. Plaintiff has not alleged plausibly any grounds for the Court to infer that his arrest was the result of an unconstitutional policy, unofficial custom, or a failure to train. Plaintiff has failed to identify any municipal policies or customs pursuant to which Defendants may have violated

6

Plaintiff's rights.  Nor has Plaintiff alleged any lapses in training or supervision that are connected to the violation of his rights.

Plaintiff has alleged broadly that the City "developed, implemented, enforced, encouraged and sanctioned *de facto* policies, practices, and/or customs exhibiting deliberate indifference to Plaintiff's constitutional rights."  Am. Compl. ¶ 55.  Plaintiff also alleges generally that the City failed "to adequately supervise and train its officers and agents," "to properly and adequately monitor and discipline its officers," and "to adequately and properly investigate citizen complaints of police misconduct."  *Id.* ¶ 56.  Plaintiff's Amended Complaint is bereft of any factual support for these conclusory allegations.  "Boilerplate language" that merely recites the *Monell* standard is insufficient to state a claim.  *Masciotta*, 136 F. Supp. 3d at 546-47.  Although Plaintiff did allege the facts surrounding his particular arrest and prosecution, the facts surrounding a particular plaintiff's arrest and prosecution cannot fairly be read to constitute allegations of policy or custom.  *Triano v. Town of Harrison, NY*, 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012).

Because the Amended Complaint does not state a claim on which relief can be granted under a *Monell* theory, Plaintiff's *Monell* claim against the City is dismissed.

## CONCLUSION

For the foregoing reasons, the City's motion to dismiss is GRANTED, and Plaintiff's claims against the City are DISMISSED for failure to state a claim pursuant to Rule 12(b)(6).  Plaintiff's claims against the Defendant Officers are dismissed *sua sponte* pursuant to Rule 4(m).

The Clerk of Court is respectfully directed to close the open motion at docket entry 19 and to terminate the case.

**SO ORDERED.**

Date:  February 23, 2017　　　　　　　　　　　**VALERIE CAPRONI**
　　　　New York, New York　　　　　　　　　United States District Judge